# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re:                                          §
                                                §
HERBERT, MELVIN                                 §      Case No. 13-15582
                                                §
                        Debtor(s)               §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
.   The undersigned trustee was appointed on                    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

    Funds were disbursed in the following amounts:

    Payments made under an interim
disbursement
Administrative expenses
Bank service fees
Other payments to creditors
Non-estate funds paid to 3rd Parties
Exemptions paid to the debtor
Other payments to the debtor

    Leaving a balance on hand of[1]              $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement
will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the
maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                and the deadline for filing governmental claims was              . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $            .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $            , for a total compensation of $          [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $          , and now requests reimbursement for expenses of $          , for total expenses of $          [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/BARRY A. CHATZ_____
                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Page:   1

## Exhibit A

| Case No: | 13-15582   TAB   Judge: TIMOTHY A. BARNES | Trustee Name: | BARRY A. CHATZ |
|---|---|---|---|
| Case Name: | HERBERT, MELVIN | Date Filed (f) or Converted (c): | 04/15/13 (f) |
| | | 341(a) Meeting Date: | 06/18/13 |
| For Period Ending: 10/27/14 | | Claims Bar Date: | 09/20/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 2316 Emerson St., Evanston, IL 60201, jointly owne | 68,850.00 | 20,350.00 | | 25,000.00 | FA |
| 2. Financial Accounts | 100.00 | 0.00 | | 0.00 | FA |
| 3. Financial Accounts | 5.00 | 0.00 | | 0.00 | FA |
| 4. Financial Accounts | 5.00 | 0.00 | | 0.00 | FA |
| 5. Household Goods | 1,200.00 | 0.00 | | 0.00 | FA |
| 6. Books / Collectibles | 75.00 | 0.00 | | 0.00 | FA |
| 7. Wearing Apparel | 100.00 | 0.00 | | 0.00 | FA |
| 8. Furs and Jewelry | 150.00 | 0.00 | | 0.00 | FA |
| 9. Insurance Policies | 0.00 | 0.00 | | 0.00 | FA |
| 10. Pension / Profit Sharing | 0.00 | 0.00 | | 0.00 | FA |
| 11. Vehicles | 11,699.00 | 0.00 | | 0.00 | FA |
| 12. Vehicles | 2,100.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $84,284.00 | $20,350.00 | | $25,000.00 | $0.00 |
|---|---|---|---|---|---|

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

ONLY ASSET CONSISTED OF DEBTOR'S 1/2 INTEREST IN MARITAL HOMESTEAD; ASSET SOLD TO EX-WIFE FOR $25,000; REVIEW CLAIMS;
PREPARE TAX RETURNS; PREPARE TFR.

Initial Projected Date of Final Report (TFR): 12/31/15      Current Projected Date of Final Report (TFR): 12/31/15

Page:   1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 13-15582 |
| Case Name: | HERBERT, MELVIN |
| Taxpayer ID No: | *******0541 |
| For Period Ending: | 10/27/14 |

| Trustee Name: | BARRY A. CHATZ |
| Bank Name: | BANK OF NEW YORK  MELLON |
| Account Number / CD #: | *******9437  Checking Account |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 11/13/13 | 1 | Tanya A. Herbert | LIQUIDATION OF REAL PROPERTY | 1110-000 | 25,000.00 | | 25,000.00 |
| 12/06/13 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 13.18 | 24,986.82 |
| 01/08/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 37.14 | 24,949.68 |
| 02/03/14 | 300001 | INTERNATIONAL SURETIES, LTD. | CHAPTER 7 BOND PREMIUM | 2300-000 | | 20.54 | 24,929.14 |
| | | 701 POYDRAS STREET, SUITE 420 | | | | | |
| | | NEW ORLEANS, LA 70139 | | | | | |
| 02/07/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 37.10 | 24,892.04 |
| 03/07/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 33.44 | 24,858.60 |
| 04/07/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 36.96 | 24,821.64 |
| 05/07/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 35.71 | 24,785.93 |
| 06/06/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 36.85 | 24,749.08 |
| 07/08/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 35.61 | 24,713.47 |
| 08/07/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 36.74 | 24,676.73 |
| 09/08/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 36.69 | 24,640.04 |

| | | | | |
|---|---|---|---|---|
| COLUMN TOTALS | 25,000.00 | 359.96 | 24,640.04 |
| Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 25,000.00 | 359.96 | |
| Less:  Payments to Debtors | 0.00 | | |
| Net | 25,000.00 | 359.96 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account - *******9437 | 25,000.00 | 359.96 | 24,640.04 |
| | 25,000.00 | 359.96 | 24,640.04 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals    25,000.00    359.96

Page:   2

Exhibit B

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No:        13-15582
Case Name:   HERBERT, MELVIN

Taxpayer ID No:  *******0541
For Period Ending:  10/27/14

Trustee Name:        BARRY A. CHATZ
Bank Name:           BANK OF NEW YORK  MELLON
Account Number / CD #:   *******9437  Checking Account

Blanket Bond (per case limit):  $  5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

Checking Account - *********9437

Page Subtotals              0.00              0.00

LFORM24

Ver: 18.03a

| | | | EXHIBIT C | | | |
|---|---|---|---|---|---|---|
| Page 1 | | | ANALYSIS OF CLAIMS REGISTER | | | Date: October 27, 2014 |

Case Number:  13-15582
Debtor Name:  HERBERT, MELVIN

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001 2100-00 | BARRY A. CHATZ, TRUSTEE 120 SOUTH RIVERSIDE PLAZA SUITE 1200 CHICAGO, IL 60606 | Administrative | | $0.00 | $3,250.00 | $3,250.00 |
| 001 2200-00 | BARRY A. CHATZ, TRUSTEE 120 SOUTH RIVERSIDE PLAZA SUITE 1200 CHICAGO, IL 60606 | Administrative | | $0.00 | $92.07 | $92.07 |
| 001 3210-00 | GREGORY K. STERN, P.C. 53 WEST JACKSON BOULEVARD SUITE 1442 CHICAGO, IL 60604 | Administrative | | $0.00 | $5,472.50 | $5,472.50 |
| 001 3220-00 | GREGORY K. STERN, P.C. 53 WEST JACKSON BOULEVARD SUITE 1442 CHICAGO, IL 60604 | Administrative | | $0.00 | $67.30 | $67.30 |
| 001 3410-00 | POPOWCER KATTEN, LTD. 35 EAST WACKER DRIVE SUITE 1550 CHICAGO, IL 60601 | Administrative | | $0.00 | $931.00 | $931.00 |
| BOND 999 2300-00 | INTERNATIONAL SURETIES, LTD. 701 POYDRAS STREET, SUITE 420 NEW ORLEANS, LA 70139 | Administrative | | $0.00 | $20.54 | $20.54 |
| 000002 040 5800-00 | IRS PO BOX 7346 PHILADELPHIA, PA 19101-7346 | Priority | | $0.00 | $969.41 | $969.41 |
| 000001 070 7100-00 | DISCOVER BANK DB SERVICING CORPORATION PO BOX 3025 NEW ALBANY, OH 43054-3025 | Unsecured | | $0.00 | $4,696.77 | $4,696.77 |
| 000003 070 7100-00 | CAVALRY SPV I LLC FOR HSBC NEVADA/BEST BUY CAVALRY PORTFOLIO SRVCS 500 SUMMIT LAKE DR #400 VALHALLA, NY 10595 | Unsecured | | $0.00 | $3,693.83 | $3,693.83 |
| 000004 070 7100-00 | CAVALRY SPV I, LLC FOR CAPITAL ONE NA CAVALRY PORTFOLIO SRVCS 500 SUMMIT LAKE #400 VALHALLA, NY 10595 | Unsecured | | $0.00 | $8,524.14 | $8,524.14 |
| 000006 070 7100-00 | TANYA HERBERT C/O PETER L BERK 79 W MONROE ST., SUITE 900 CHICAGO, IL 60603 | Unsecured | | $0.00 | $4,085.63 | $4,085.63 |

| | | EXHIBIT C | | | | |
|---|---|---|---|---|---|---|
| Page 2 | | ANALYSIS OF CLAIMS REGISTER | | | | Date: October 27, 2014 |

Case Number:    13-15582                                   Claim Class Sequence
Debtor Name:    HERBERT, MELVIN

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000005
050
4210-00 | BAXTER CREDIT UNION
BANKRUPTCY DEPARTMENT
PO BOX 8133
VERNON HILLS IL 60061 | Secured | | $0.00 | $13,356.28 | $13,356.28 |
| | Case Totals: | | | $0.00 | $45,159.47 | $45,159.47 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-15582
Case Name: HERBERT, MELVIN
Trustee Name: BARRY A. CHATZ

Balance on hand                                         $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000005 | BAXTER CREDIT UNION | $ | $ | $ | $ |

Total to be paid to secured creditors         $_____

Remaining Balance                              $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BARRY A. CHATZ | $ | $ | $ |
| Trustee Expenses: BARRY A. CHATZ | $ | $ | $ |
| Attorney for Trustee Fees: GREGORY K. STERN, P.C. | $ | $ | $ |
| Accountant for Trustee Fees: POPOWCER KATTEN, LTD. | $ | $ | $ |
| Other: INTERNATIONAL SURETIES, LTD. | $ | $ | $ |
| Other: GREGORY K. STERN, P.C. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance                              $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $          must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000002 | IRS | $ | $ | $ |

Total to be paid to priority creditors                          $_____

Remaining Balance                                               $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | DISCOVER BANK | $ | $ | $ |
| 000003 | CAVALRY SPV I LLC FOR | $ | $ | $ |
| 000004 | CAVALRY SPV I, LLC FOR | $ | $ | $ |

Total to be paid to timely general unsecured creditors            $_____

Remaining Balance                                                      $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will
be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims
have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered
subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all
allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for
subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered
subordinated by the Court are as follows:

NONE